1  Michael P. Shiaras        (007047)
   Robert Mackenzie         (016633)
2  **JUNKER & SHIARAS, P.C.**
   3004 North 68th Street
3  Scottsdale, Arizona 85251-6804
   (480) 505-2600
4  (480) 505-2601 (fax)

5  William R. Hansen
   **LATHROP & GAGE L.C.**
6  230 Park Avenue
   New York, New York 10169
7  (212) 850-6225
   (212) 850-6221 (fax)
8  *Pro Hac Vice Admission pending*

9  Attorneys for Plaintiffs Direct Response
   Corporation, Response Worldwide Insurance
10 Company and Warner Insurance Company

11              **IN THE UNITED STATES DISTRICT COURT**

12                **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 13 Direct Response Corporation, a Delaware corporation, Response 14 Worldwide Insurance Company, a Connecticut corporation, and Warner Insurance Company, a Connecticut 15 corporation, | No. CV-08-01 **COMPLAINT FOR DECLARATORY RELIEF** |
| 16                Plaintiffs, | |
| 17        vs. | |
| 18 LPL Licensing, L.L.C., a Delaware 19 limited liability company, and Phoenix Licensing, L.L.C., an Arizona limited 20 liability company, | |
| 21                Defendants. | |

22

1.      Plaintiffs Direct Response Corporation ("DRC"), Response Worldwide Insurance Company ("Response Worldwide"), and Warner Insurance Company ("Warner") (collectively "Response") allege as follows for their Complaint for Declaratory Relief against Defendants LPL Licensing, L.L.C. ("LPL") and Phoenix Licensing, L.L.C. ("Phoenix") (together, "the LPL Parties"):

2.      DRC is organized and existing under the laws of the state of Delaware, with its principal place of business located at 500 South Broad Street, Meriden, Connecticut 06450, and is the corporate parent of, *inter alia,* plaintiffs Response Worldwide Insurance Company and Warner Insurance Company.

3.      Response Worldwide is a property and casualty insurer organized and existing under the laws of the state of Connecticut, with its principal place of business located at 500 South Broad Street, Meriden, Connecticut 06450. Response Worldwide is licensed to transact insurance in the state of Arizona.

4.      Warner is a property and casualty insurer organized and existing under the laws of the state of Connecticut, with its principal place of business located at 500 South Broad Street, Meriden, Connecticut 06450.  Warner is licensed to transact insurance in the state of Arizona.

5.      On information and belief, LPL is a Delaware limited liability company having a principal place of business at 10947 East Lillian Lane, Scottsdale, Arizona 85255.

1   6.      On information and belief, Phoenix is an Arizona limited liability

2   company having a principal place of business at 10947 East Lillian Lane,

3   Scottsdale, Arizona 85255.

4   7.      This is an action under the Federal Declaratory Judgment Act, 28

5   U.S.C. §§ 2201-2202, for an order declaring that U.S. Patents No. 5,987,434

6   ("the '434 Patent") and No. 6,999,938 ("the '938 Patent") (collectively "the

7   patents-in-suit") are not valid or enforceable, and that, in the alternative,

8   Response has not infringed any claim of either patent.  True and correct

9   copies of each of the patents-in-suit are attached hereto as Exhibits A and B.

10   8.      This Court has subject matter jurisdiction because Response's

11   claims present a federal question, and because its claims arise under an Act of

12   Congress relating to patents.  28 U.S.C. §§ 1331, 1338(a).

13   9.      Venue is proper in this Court because both defendants

14   (hereinafter collectively "the LPL Parties") reside in this judicial district.  28

15   U.S.C. § 1391.

16   10.      On information and belief:

17   • Phoenix is the assignee of the patents-in-suit;

18   • LPL has the exclusive right to license the patents-in-suit;

19   • LPL has at all times acted in concert with or with the approval of Phoenix; and

20   • The patents-in-suit relate to apparatuses and methods for transacting, marketing, and selling financial products.

21

22

11.     The LPL Parties have asserted that various activities of Response in offering and marketing financial products and services infringe the patents-in-suit.

12.     In a July 12, 2006 letter to Response Worldwide's General Counsel, a lawyer for LPL stated that Response Worldwide would need to obtain a license with respect to one or more patents held by LPL.  In letters dated September 18, 2006 and December 4, 2006, LPL repeated its assertion that Response Worldwide's activities were infringing various claims of the '938 Patent and possibly of other patents held by LPL, and continued to offer a license regarding its patents to Response Worldwide.

13.     In a  January 12, 2007 letter, LPL's lawyer advised Response Worldwide that LPL had recently concluded a license agreement with "yet another giant within the financial services industry," asserted that Response Worldwide was infringing various claims of the '938 and '434 Patents, and again offered to provide license terms to Response Worldwide.

14.     On July 10, 2007, State Farm Mutual Automobile Insurance Company ("State Farm") filed a declaratory-judgment complaint in this Court, asserting that State Farm did not infringe the patents-in-suit or U.S. Patent No. 6,076,072 (the "'072 Patent"), and that the three patents at issue in that action are invalid and unenforceable. *State Farm Mut. Automobile Ins. Co. v. LPL Licensing, L.L.C., et al.*, No. 2:07-cv-01329 (D. Ariz., filed July 10, 2007).

15.    On August 31, 2007, more than seven weeks after State Farm filed its declaratory judgment complaint in this Court, the LPL Parties filed suit in the U.S. District Court for the Eastern District of Texas against Response, State Farm, and numerous other entities.  *See Phoenix Licensing, L.L.C., et al v. Chase Manhattan Mortgage Corp., et al.*, No. 2:07-cv-00387 (E.D. Tex., filed Aug. 31, 2007) ("the Texas Lawsuit").  In that action, the LPL Parties allege that various activities of Response infringe the '434 and '938 Patents.  The First Amended Complaint in the Texas Lawsuit is attached hereto as Exhibit C.

16.    Response denies that it infringed or infringes any valid claim of the patents-in-suit.

17.    In view of the facts and circumstances presented here – including (1) LPL's assertions that Response has infringed the patents-in-suit, (2) LPL's demands that Response pay royalties based upon identified activities of Response, (3) the LPL Parties' patent infringement lawsuit against Response in the Eastern District of Texas, and (4) Response's contention that it has the right to engage in the alleged activities without obtaining a license from LPL – an actual and justiciable controversy exists between Response and the LPL Parties concerning whether Response infringed or infringes any valid claim of the patents-in-suit.  Accordingly, Response now seeks a declaratory judgment that the patents-in-suit are invalid, or, alternatively, that it did not and does not infringe the patents-in-suit.

# FIRST CLAIM FOR RELIEF

## (Declaratory Judgment of Non-Infringement and Invalidity of the '434 Patent)

18.     Response incorporates by reference paragraphs 1 through 17 above as if set forth in their entirely herein.

19.     Response cannot be liable for infringement of the '434 Patent because the claims constituting that patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

20.     Response has not infringed and is not infringing – whether directly, indirectly, contributorily, by active inducement, or otherwise – any valid claim of the '434 Patent as properly construed.

# SECOND CLAIM FOR RELIEF

## (Declaratory Judgment of Non-Infringement and Invalidity of the '938 Patent)

21.     Response incorporates by reference paragraphs 1 through 20 above as if set forth in their entirety herein.

22.     Response cannot be liable for infringement of the '938 Patent because the claims constituting that patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

23.     Response has not infringed and is not infringing – whether directly, indirectly, contributorily, by active inducement, or otherwise – any valid claim of the '938 Patent as properly construed.

## **PRAYER FOR RELIEF**

WHEREFORE, for the reasons stated herein, Response respectfully requests that the Court enter a Judgment in its favor, as follows:

a.  Declaring that Response has not infringed and is not infringing any valid claim of either of the patents-in-suit;

b.  Declaring that all claims of each of the patents-in-suit are invalid;

c.  Declaring that this matter constitutes an exceptional case under 35 U.S.C. § 285, and that an award to Response of its attorneys' fees and other legal expenses in connection with this matter is warranted; and

d.  Awarding Response such other and further relief as the Court may deem just and proper.

DATED January 2, 2008.

JUNKER & SHIARAS, P.C.


BY     /S/ Robert Mackenzie
        Michael P. Shiaras
        Robert Mackenzie
        3004 North 68th Street
        Scottsdale, Arizona  85251

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

William R. Hansen
LATHROP & GAGE L.C.
230 Park Avenue
New York, New York 10169
(212) 850-6225
(212) 850-6221 (fax)
*Pro Hac Vice*

Attorneys for Plaintiffs Direct Response Corporation,
Response Worldwide Insurance Company, and
Warner Insurance Company